IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY L. LAMAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:10cv898-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by federal inmate Jeffrey L. Lamar ("Lamar").

**I.   BACKGROUND**

On July 15, 2009, in accordance with a plea agreement, Lamar pled guilty to possession with intent to distribute powder cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 1 of the indictment) and possession with intent to distribute five grams or more of cocaine base, more commonly referred to as crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2). Under the plea agreement, Counts 3 through 5 of the indictment, which charged Lamar with various other drug offenses, were dismissed. The Government agreed to recommend at sentencing that Lamar receive a two-level reduction in his offense level pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility, and an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b), for timely notifying authorities of his intention to plead guilty. Subject to Lamar's compliance with a cooperation agreement

contained in the plea agreement, the Government also committed to file a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e)[1] to reflect Lamar's substantial assistance. The Government agreed that a sentence no lower than the low end of the guidelines range as determined by the court would be an appropriate sentence in the case. The plea agreement also contained a waiver provision whereby Lamar relinquished his rights to appeal and collaterally attack his conviction and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct.

At sentencing, on January 5, 2010, the district court determined Lamar's base offense level to be 30, based on the amount of drugs attributable to him in the transactions charged in the indictment.[2] The court then accepted the Government's recommendation (as provided in the plea agreement) for three levels of reduction pursuant to U.S.S.G. § 3E1.1(a) & (b),

---

[1] Title 18 § 3353(e), which authorizes the court to impose a sentence below the statutory minimum in limited circumstances, provides:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e). U.S.S.G. § 5K1.1 is the mechanism by which the downward departure for substantial assistance contemplated in § 3553(e) is implemented.

[2] The court accepted the findings in the Presentence Investigation Report ("PSI") that Lamar sold or attempted to sell a total of 80.9 grams of crack cocaine, 10.4 grams of powder cocaine, and 10.19 grams of marijuana. *See* PSI at 6, ¶ 17. These amounts were converted into their "marijuana equivalencies" and then added together to derive Lamar's base offense level. *See* U.S.S.G. § 2D1.1, comment. (n.10), *Drug Equivalency Tables*; PSI at 7, ¶ 23.

and an additional one-level downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) in recognition of Lamar's substantial assistance (in compliance with the cooperation agreement). Combining Lamar's adjusted offense level of 26 with his criminal history category of V yielded an advisory guideline range of 110 to 137 months. Because the court granted the Government's motion for a one-level downward departure pursuant to § 5K1.1 and § 3553(e), the court imposed a sentence within the guideline range – 110 months – without regard to the otherwise applicable statutory minimum.[3]

Lamar did not take a direct appeal. On October 20, 2010, Lamar filed this § 2255 motion, asserting that he should be resentenced according to the Fair Sentencing Act of 2010. *See* Doc. Nos. 1 & 2. For the reasons that follow, this court concludes that Lamar is not entitled to any relief and that his § 2255 motion should be denied

## II. DISCUSSION

The Fair Sentencing Act, Pub.L. No. 111-220, Stat. 2372 (2010) ("FSA"), which was enacted on August 3, 2010, amended the sentencing provisions in 21 U.S.C. §§ 841(b)(1) by raising from 5 grams to 28 grams the amount of crack cocaine necessary to trigger the 5-year mandatory minimum sentence for an offense under § 841(a)(1) or the 10-year

---

[3] Lamar had a prior felony drug conviction. *See* PSI at 8-10 & at 12, ¶ 57. Therefore, pursuant to the provisions of 21 U.S.C. § 841(b)(1)(B)(iii) in effect at the time of his sentencing, he faced a statutory minimum term of 10 years (120 months) in prison for Count 2 of the indictment. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (providing, at the time of Lamar's sentencing, that a defendant guilty of committing a § 841(a)(1) offense involving 5 grams or more of crack cocaine after a prior conviction for a felony drug offense "shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life").

mandatory minimum for an offense under § 841(a)(1) committed after a prior conviction for a felony drug offense, and by raising from 50 grams to 280 grams the amount of crack cocaine necessary to trigger the 10-year mandatory minimum sentence for an offense under § 841(a)(1) or the 20-year mandatory minimum for an offense under § 841(a)(1) committed after a prior conviction for a felony drug offense.[4]  *See* 21 U.S.C. §§ 841(b)(1)(A)(iii) & (B)(iii).  Lamar was sentenced on January 5, 2010, almost seven months before the FSA was enacted.  Because he had a prior felony drug conviction, he faced a statutory minimum sentence for Count 2 of the indictment (possession with intent to distribute five grams or more of crack cocaine in violation of § 841(a)(1)) of 10 years (120 months) in prison.  *See* 21 U.S.C. § 841(b)(1)(B)(iii).  By law,[5] that statutory minimum was the starting point for the one-level downward departure granted by the district court pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1.  Lamar argues that if he is resentenced under the provisions of the FSA, he will no longer be subject to a statutory mandatory minimum for Count 2 (because the amount of crack charged in that count of the indictment would fall below the new 28-gram threshold), which presumably will free the district court to reduce his sentence even further and to impose a sentence lower than the 110-month sentence he received in January

---

[4] The FSA also raised from 50 grams to 280 grams the amount of crack cocaine necessary to trigger the mandatory *life* sentence for an offense under § 841(a)(1) committed after *two or more* prior convictions for a felony drug offense.  *See* 21 U.S.C. §§ 841(b)(1)(A)(iii).

[5] *See, e.g.*, *United States v. Head*, 178 F.3d 1205, 1206-08 (11th Cir. 1999) (appropriate starting point for downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. for substantial assistance is statutory mandatory minimum).

2010. *See* Doc. No. 1 at 4; Doc. No. 2 at 2-3.

The Government argues that Lamar's claim for relief is barred by the waiver provision in his plea agreement, which prevents him from collaterally attacking his sentence.[6] Doc. No. 8 at 15-17. In addition, the Government argues that Lamar's claim should be rejected because it is procedurally defaulted and does not raise constitutional issues or issues that would constitute a miscarriage of justice. *Id*. at 17-20. Finally, the Government argues that because Lamar was sentenced before enactment of the FSA, the provisions of that statute do not apply to the statutory mandatory minimum in his case. *Id*. at 20- 25. This court finds the last of these arguments to be the clearest and simplest basis for denying Lamar's claim for relief.

The Eleventh Circuit (and every other circuit court to have addressed this issue) has held that the FSA's amendments do not apply to defendants who were sentenced before the Act's August 3, 2010, enactment. *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010); *see United States v. Baptist*, 646 F.3d 1225, 1229 (9th Cir. 2011) (collecting cases). In *Gomes*, the Eleventh Circuit reasoned that the general federal savings statute in 1 U.S.C.

---

[6] To enforce an appeal waiver or collateral-attack waiver, the Government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). Perhaps because Lamar did not take a direct appeal, a transcript of his change of plea colloquy was not generated in his case. Arguably, Lamar's signature at the conclusion of the written plea agreement attesting that he reviewed and understood the terms of the plea agreement is sufficient to show that he "otherwise understood the full significance of the waiver." Doc. No. 8-5 at 12-13. This court, however, pretermits a determination of whether the waiver provision bars Lamar's claim for relief, because the FSA has no effect on Lamar's sentence.

§ 109[7] bars the FSA from applying retroactively to a defendant's sentence. *Gomes* and many of the opinions from this and other circuits decided soon after the FSA's enactment were addressed specifically to the question of whether the FSA applies to defendants *who committed their offenses* before the FSA's effective date. With unanimity, the courts held that § 109 bars the FSA from applying retroactively in those circumstances. However, on June 21, 2012, in *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321 (2012), the United States Supreme Court held that the FSA applies to all defendants sentenced after August 3, 2010, when the Act took effect, even where such defendants committed their offenses before the FSA's effective date. *See* 132 S.Ct. at 1335 ("Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders."). The holding in *Dorsey* narrowly confined its application of the FSA to pre-Act offenders who were sentenced after the Act's enactment. Dorsey does *not*, however, extend retroactive application of the FSA to benefit defendants sentenced *before* the Act's enactment. As indicated above, Lamar was sentenced almost seven months before the FSA

---

[7] Section 109 of Title 1 provides in part:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

1 U.S.C. § 109.

was enacted.[8] Consequently, *Dorsey* is of no assistance to Lamar, and the FSA does not apply retroactively to benefit him. *See Ford v. United States*, 2012 WL 2798532, at *13 (M.D. Fla. Jul. 9, 2012) (finding that § 2255 petitioner does not benefit from decision in *Dorsey* because petitioner committed his crime and was sentenced before the FSA took effect).

Lamar asks this court "to take judicial notice" of its alleged statement at his sentencing hearing[9] that it would reconsider his sentence if Congress or the United States Sentencing Commission amended the law to reduce the sentencing disparities created by the 100:1 crack-to-powder cocaine ratio. Doc. No. 1 at 5; Doc. No. 2 at 4. The FSA indeed instituted new crack-to-powder cocaine ratios. However, as stated above, the FSA does not apply retroactively to Lamar's sentence. Consequently, this court is not authorized to resentence Lamar according to the FSA.

Lamar also asks this court to resentence him taking into account both the mitigating circumstances set out in 18 U.S.C. § 3553(a) and the fact that the FSA instituted new crack-to-powder cocaine ratios. Doc. No. 1 at 6; Doc. No. 2 at 4-5. This court is not authorized to resentence Lamar merely because the law has changed when circuit precedent establishes

---

[8] Lamar's judgment of conviction was also final well before enactment of the FSA. He was sentenced on January 5, 2010, and the district court entered a judgment on January 8, 2010. He did not appeal. Therefore, his judgment of conviction became final on January 22, 2010, 14 days after the district court entered its judgment. *See* Fed. R. App. P. 4(b)(1)(A)(I); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000).

[9] A transcript of Lamar's sentencing hearing was not generated in his case.

that the FSA amendments do not apply in his case.

For the reasons set out above, the court finds that Lamar has presented no basis for collateral relief and that his § 2255 motion should be denied.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Lamar be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that on or before **October 25, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981).

Done this 11th day of October, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE